STATE of Missouri,
Plaintiff/Respondent,

v.

James HINTON, Defendant/Appellant.

No. 58703.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 16, 1991.

Melinda Kay Pendergraph, Public Defender, Brian N. Brown, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals his conviction by a jury of first degree burglary, § 569.160, RSMo 1986, for which he was sentenced to nine years imprisonment in accordance with the jury's recommendation. We remand.

Defendant was charged with burglary in the first degree, § 569.160, RSMo 1986. The evidence demonstrated that victim, awakened at 11:00 p.m. by a loud crashing sound, observed defendant standing in her room holding some of her household items. She ran from the house and called the police. Defendant, wearing a jacket belonging to victim's father, was arrested one block from victim's house. Defendant presented no evidence and was found guilty.

Defendant in his sole point on appeal contends that the trial court erred in denying his motion to quash the jury panel after the prosecutor used five of his six peremptory challenges to exclude black venirepersons from the jury panel. It appears from the transcript that ten of the twenty-seven persons on the venire panel were black, as was defendant. After the prosecutor's peremptory strikes five blacks remained on the jury. Counsel for the defendant made a motion to quash the jury panel, the prosecutor made comments about reasons for striking venire persons but did not specifically give reasons for any strike, and the court overruled the motion.

When this case was tried the applicable case law may have allowed the affirmance of the prosecutor's use of peremptory challenges without explanation. *See, e.g., State v. Hunter,* 802 S.W.2d 201, 204 (Mo. App.1991). However, in *Powers v. Ohio,* — U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Supreme Court noted that *Batson* was intended to protect excluded jurors and the community at large from discriminatory strikes, as well as the individual defendant. *Id.* at ——, 111 S.Ct. at 1367–69. Our court has stated that, in light of *Powers,* the trial court should request reasons for the strikes from the prosecutor pursuant to *State v. Antwine,* 743 S.W.2d 51, 64 (Mo. banc 1987). *See, State v. Robinson,* 811 S.W.2d 460 (Mo.App. 1991). So, as in *Robinson,* we must remand this case to the trial court for an evidentiary hearing to determine whether the prosecutor used his strikes in a discriminatory manner. The trial court must certify to this court a record of its proceeding.

Remanded for a hearing not inconsistent with this opinion.

STEPHAN and CRANE, JJ., concur.